RECEIVED CLERK

JUN - 9 2010

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JUN 1 1 2010

BY D. MARK JONES, CLERK
DEPUTY CLERK

TRUJILLO, DANIEL L
3415 West 2350 North
Plain City, UT 84404
801-784-0689

(PLAINTIFF)

**VERSUS**

CROSSCHECK INC

JOHN DAVID SIEMBIEDA
(AUTHORIZED AGENT)
6119 State Farm Drive
Rohnert Park, CA 94928

(DEFENDANT)

**COMPLAINT**

Case: 1:10-cv-00090
Assigned To : Waddoups, Clark
Assign. Date : 06/08/2010
Description: Trujillo v. Crosscheck

1. The Plaintiff, DANIEL L TRUJILLO, a citizen of the County of Weber in the State of Utah residing at 3415 W 2350 N, PLAIN CITY, UT 84404 wishes to file a complaint under the Fair Debt Collection Practices Act (15 U.S.C. § 1692) herein referred to as "FDCPA."

2. The Defendant, CROSSCHECK INC, is a corporation incorporated under the laws of the State of California (entity number C1227874) and having a main office address of PO BOX 6008, PETALUMA, CA 94955 as indicated by the records of the California Secretary of State.

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331.

4. CROSSCHECK INC is a debt collector as defined in the FDCPA. (15 U.S.C. § 1692a)

5. Mr. Trujillo holds a checking account at USAA Federal Savings Bank located in San Antonio, TX.

6. Mr. Trujillo had written check number 248 to AAMCO in the amount of $1365.42 on May 14, 2010 for services rendered involving the repair of his vehicle to be drafted on the account mentioned in paragraph 5.

7. Mr. Trujillo had made an error earlier in the day (prior to writing the check) in transferring funds in the amount of $1,500 from another bank account to the account on which the check was written for.

8. A check image was presented to USAA for the amount specified in paragraph 6 in this complaint and was subsequently returned due to insufficient funds. A copy of the image of the check is hereto attached as "Exhibit A".

9. Mr. Trujillo had noticed the error the evening of May 24, 2010. The following day, Mr. Trujillo had made a deposit into his USAA checking account for the amount of $1,500 to cover for the check should an attempt by AAMCO be made to cash the check again.

10. The deposit made was not in time for another return on check 248 to be returned again for insufficient funds, a copy of which is attached hereto as "Exhibit B".

11. Mr. Trujillo received a letter dated May 27, 2010 from CROSSCHECK INC, a copy of which is attached hereto as "Exhibit C".

12. Mr. Trujillo had ordered an official check payable by USAA Federal Savings bank on June 2, 2010 at approximately 1:00 P.M. MDT for the amount requested in the letter mentioned in paragraph 11 of this complaint. Mr. Trujillo was given a confirmation page by USAA and a copy of which is attached hereto as "Exhibit D".

13. Mr. Trujillo received phone calls to his number at 801-784-0689 and the calls were logged to his Google Voice account. The log was transcribed and a copy of which is attached hereto as "Exhibit E". A total of 4 phone calls were received in a span of 16 hours.

14. Mr. Trujillo missed the first two phone calls on June 2, 2010 because he was, at the time, in class at Weber State University, no message was left.

15. Mr. Trujillo returned the calls at 7:29 P.M. MDT, and spoke with a lady who identified herself as an agent of CROSSCHECK. The following are statements of fact regarding that call:

(a) Mr. Trujillo had informed CROSSCHECK that an official check had been mailed.

(b) The agent for CROSSCHECK had inquired as to what color envelope the payment was sent, Mr. Trujillo told the agent he didn't know since the payment was mailed directly from the bank.

(c) The agent told Mr. Trujillo that, if they didn't receive the payment soon, he would be receiving phone calls.

(d) The agent told Mr. Trujillo that the original check would continue to be cashed, despite the fact that Mr. Trujillo had advised her that payment had been sent.

16. The following are statements of fact regarding a telephone call Mr. Trujillo received from an agent of CROSSCHECK INC on June 3, 2010 at approximately 8:15 A.M. MDT regarding an alleged debt. A transcript of the conversation was created and is attached hereto as "Exhibit F".

(a) Mr. Trujillo recorded the phone call using software on his mobile telephone.

(b) Throughout the phone call, the following violations of the FDCPA occurred:

i. The agent of CROSSCHECK used language such that the natural consequence of which was to verbally abuse Mr. Trujillo. (15 USC § 1692d)

 ii. The agent of CROSSCHECK caused Mr. Trujillo's telephone to ring with intent to annoy, abuse, or harass him. (15 USC § 1692d)

 iii. The agent of CROSSCHECK had threatened to have Mr. Trujillo criminally prosecuted despite not having a legal capacity nor intention to do so. (15 USC § 1692e)

 iv. The agent of CROSSCHECK had threatened to sue Mr. Trujillo for the alleged debt despite not having a legal capacity to do so. (15 USC § 1692e)

 v. The agent of CROSSCHECK had told Mr. Trujillo that he had called Mr. Trujillo's bank and alleged that Mr. Trujillo had no money in his account despite verification from the bank that no third party had been given any information about the account. Thus the agent's actions resulted in the use of deceptive means to collect or attempt to collect the debt. (15 USC § 1692e)

(c) CROSSCHECK is not registered nor bonded with the State of Utah as required under Utah Code 12-1-1 and thus unable to collect or attempt to collect the debt through any legal means (including a lawsuit which CROSSCHECK threatened to file as detailed in (4)(c)(iv) of this complaint).

17. Mr. Trujillo had ordered his bank to cancel the official check mentioned in paragraph 12 of this complaint for fear of CROSSCHECK receiving a double payment and in fear of having difficulties in recovering monies paid in the double payment. Mr. Trujillo was required to sign an indemnification agreement with USAA, a copy of which is attached hereto as "Exhibit G".

(a) The indemnification agreement outlines that any money written for the official check would be returned to Mr. Trujillo's bank account, however Mr. Trujillo would still be liable to repay the amount should the check be presented for cashing.

18. The original check outlined in paragraph 6 of this complaint had been presented again and was cashed on June 4, 2010. A copy of the check image is attached hereto as "Exhibit H". The check bounced on June 5, 2010.

19. Money from the official check ($1,385.42) was refunded to Mr. Trujillo's account on June 4, 2010.

20. The Better Business Bureau has on file the contact information for CROSSCHECK. Mr Trujillo accessed that information and a copy of that is hereto attached as "Exhibit I". Mr. Trujillo sent the following letters to the fax number listed by the Better Business Bureau.

(a) Mr. Trujillo had sent a letter to CROSSCHECK on June 3, 2010 via fax to 707-586-2390 requesting that they validated the alleged debt. A copy of the fax confirmation page and letter are hereto attached as "Exhibit J".

(b) Mr. Trujillo had sent another letter to CROSSCHECK on June 4, 2010 via fax to 707-586-2390 demanding that CROSSCHECK not attempt to cash the official check mentioned in paragraph 12 of this complaint and to return it to USAA Federal Savings Bank upon receipt. A copy of the fax confirmation page and letter are hereto attached as "Exhibit K".

21.   Any debt collector who fails to comply with any provision in the FDCPA with respect to any person is liable to such person in an amount equal to the sum of any actual damage and any additional damages the court may allow.

22.   Mr. Trujillo asserts that he has suffered mental anguish and emotional distress as a result of the actions by CROSSCHECK.

23.   WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

  (a)   Money damages in the amount of $6,000 for the following

   i.   Actual damages

   ii.   Statutory damages

   iii.   Punitive damages

   iv.   Nominal damages

  (b)   Permanent injunction against the Defendant from attempting to collect the debt.

Respectfully submitted:

*[signature]*

DANIEL TRUJILLO
3415 W 2350 N
PLAIN CITY, UT 84404
801-784-0689